IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
AVROHAM SEBROW,
individually and on behalf of a class,          :   Wexler/Lindsay
                                                :
                    Plaintiffs,                 :   CV-08-3162
                                                :
    v.                                          :
                                                :
HSBC BANK, U.S.A., N.A.,                        :
                                                :
                    Defendant.                  :
---------------------------------------------------------------x

## FINAL JUDGMENT AND ORDER

This matter coming on to be heard as to whether the proposed settlement of the above-referenced class action (the "Lawsuit") should be finally approved, the parties having presented their settlement agreement ("Agreement") to the Court and the Court having held a hearing on the fairness of the proposed settlement of the Lawsuit, at which objectors to the settlement were permitted to be heard, and the Court being fully advised in the premises, the Court finds that:

A. Notice of the proposed settlement has been timely posted in accordance with the terms of the Court's Order dated Feb. 9, 2009 (the "Preliminary Approval Date"), which provisionally certified a settlement class, preliminarily approved the proposed settlement and authorized such notice. Such notice satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

B. The issues as to liability and remedies in the Lawsuit are issues as to which there are substantial grounds for difference of opinion, and the proposed settlement of the Lawsuit constitutes a resolution of those issues that is fair, reasonable and adequate to the members of the class certified herein.

1

C. Plaintiff Avroham Sebrow ("Sebrow") and each Participating Class Member shall be bound by the Agreement.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. The Agreement is approved as fair, reasonable, and adequate pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and the parties are directed to consummate the Agreement in accordance with its terms. All terms defined in the Agreement have the same meanings when used herein.

2. The Class, provisionally certified in the Preliminary Approval Order, is now finally certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and the Lawsuit may be maintained as a class action. The Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of both law and fact common to the Class; (c) claims of Sebrow are typical of the claims of all members of the Class; (d) Sebrow (and Class Counsel) have fairly and adequately protected and will fairly and adequately protect the interests of the Class, and Sebrow and Class Counsel satisfy the requirements to be representatives of and counsel to the Class; (e) common questions of law and fact predominate over questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Edelman, Combs, Latturner & Goodwin, LLC, and Abraham Kleinman, LLC are finally confirmed as Class Counsel with authority to speak for the Class, and to direct the litigation and settlement, and all proceedings relating thereto, on behalf of the Class and Sebrow.

3. (a) The Released Claims are hereby compromised, settled, released and discharged on the merits by and against Sebrow and the Participating Class Members by virtue of the proceedings herein and this Final Judgment and Order. Effective ninety (90) days

following the payments described in Paragraph 2 of the Agreement, the Lawsuit is hereby dismissed, with prejudice and without costs, and Sebrow, all Participating Class Members and their respective heirs, successors, assigns are hereby barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any Released Party. This release and the related bar and injunction shall not extend to any Class Member who properly and timely excluded himself or herself from the Settlement.

(b)   As used herein, "Released Parties" means HSBC Bank USA, N.A. ("HSBC") and each of its current and former parents, subsidiaries, affiliates, controlled companies, officers, directors, managers, shareholders, members, partners, employees, predecessors, successors, assigns, agents and attorneys.

(c)   As used herein, "Released Claims" means any and all claims, demands, suits and actions relating but not limited to HSBC's alleged failure to provide adequate notice of the ATM fees at 125 Cedarhurst Avenue, Cedarhurst, NY 11516 prior to the Effective Date. The provisions of this release shall be construed to exclude, and shall not impair, any right, cause of action or claim unrelated to the facts alleged in this Lawsuit. The release shall be limited to claims accruing prior to the Final Approval Date.

4.   This Court hereby awards Class Counsel $ 18,000 for the fees and costs of Class Counsel. This Court further awards $ 1,000 as an incentive fee to Sebrow.

5.   On or prior to a date established by HSBC within 30 days after the Final Approval Date (the "Effective Date"), HSBC shall each pay the Settlement Administrator $54,000 and the Settlement Administrator shall make the payments described in Paragraph 2 of the Agreement, including, without limitation, payment of the Payment Amount to each Participating Class

3

Member and payment of fees and costs awarded to Class Counsel in Paragraph 4 above. Defendants shall provide Class Counsel with a certification of their compliance with the requirements of Paragraphs 2 and 3 of the Agreement within 60 days after the Effective Date.

      6.      A list of Non-Participating Class Members is attached hereto as <u>Exhibit A</u>.

      7.      Consummation of the Settlement shall proceed as described in the Agreement.

      8.      Without affecting the finality of this judgment, this Court retains jurisdiction of the Settlement, including the administration and consummation of the Settlement. In addition, without affecting the finality of this judgment, this Court retains exclusive jurisdiction over Defendant, Sebrow and all Participating Class Members with respect to the Released Claims and the Settlement, and all such entities and individuals are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of or relating to this Order, the Agreement or the applicability of the Agreement. Without limiting the generality of the foregoing, any dispute concerning the Agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a Participating Class Member in which the provisions of the Agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order. Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, the parties hereto and all Participating Class Members are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

4

10. The Court finds, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk to enter final judgment.

BY THE COURT:

Date: June 30, 2009
Central Islip, N.Y